**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LYLE LOGEMANN,**

**Plaintiff,**

**v.** **Case No.: 1:20-CV-00845**

**NATIONAL FFA ASSOCIATION,**

**Defendant.**

**DEFENDANT FFA'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES ARISING FROM IMPROPER REMOVAL OF OFFICER**

Defendant Future Farmers of America (FFA), d/b/a the National FFA Organization, incorrectly identified as National FFA Association, (hereinafter "FFA"), by and through its counsel of record, Chapman and Priest, P.C. (Donna L. Chapman and Marianne L. Bowers) hereby submits its Answer to Plaintiff's Complaint for Damages Arising From Improper Removal of Officer ("Complaint") as follows. Any allegation not specifically admitted is denied to the extent it can be construed against FFA. FFA denies the allegations contained in the introductory paragraph of the Complaint.

1. FFA is without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2. FFA denies the allegations contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3. In response to the allegations of Paragraph 3 of the Complaint, FFA admits that Plaintiff was the Western Region VP/National Officer for FFA and held that position

pursuant to the Charter, Constitution, By Laws and the policies and procedures of the FFA. To the extent that the remaining allegations of Paragraph 3 are inconsistent, they are denied.

4. FFA denies the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations of Paragraph 5 of the Complaint, FFA admits Plaintiff was the Western Region VP/National Officer for FFA. FFA further admits that Plaintiff was removed from this position effective June 4, 2020 based on violation of FFA code of ethics/conduct and FFA's commitment to appreciate and promote diversity within the Organization. FFA is without information sufficient to admit or deny the remaining allegations contained in Paragraph 5 of the Complaint and therefore denies the same and demands strict proof thereof.

6. In response to the allegations of Paragraph 6 of the Complaint, FFA admits it is a federally chartered corporation created by an Act of Congress (36 U.S.C. § 70901). FFA further admits that it is a non-profit organization with its headquarters and principal office located in Indianapolis, Indiana. To the extent that the remaining allegations of Paragraph 6 are inconsistent, they are denied.

7. In response to the allegations of Paragraph 7 of the Complaint, FFA admits Plaintiff was the Western Region VP/National Officer for FFA. FFA further admits that Plaintiff was removed from this position effective June 4, 2020. FFA is without information sufficient to admit or deny the remaining allegations of Paragraph 7 of the Complaint and therefore denies the same and demands strict proof thereof.

8. In response to the allegations of Paragraph 8 of the Complaint, FFA admits that Plaintiff had been vetted and approved to hold the office of Western Region

VP/National Officer for FFA. FFA is without information sufficient to admit or deny the remaining allegations of Paragraph 8 of the Complaint and therefore denies the same and demands strict proof thereof.

9. In response to the allegations of Paragraph 9 of the Complaint, FFA admits that a stipend is associated with the position of national officer for FFA. FFA is without information sufficient to admit or deny the remaining allegations of Paragraph 9 of the Complaint and therefore denies the same and demands strict proof thereof.

10. In response to the allegations of Paragraph 10 of the Complaint, FFA admits Plaintiff made public social media posts that violated FFA code of ethics/conduct and the FFA commitment to appreciate and promote diversity within the FFA organization and one such post was made on May 31, 2020. FFA is without information sufficient to admit or deny the remaining allegations of Paragraph 10 of the Complaint and therefore denies the same and demands strict proof thereof.

11. FFA is without information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint and therefore denies the same and demands strict proof thereof.

12. In response to the allegations of Paragraph 12 of the Complaint, FFA admits it received numerous communications from FFA members, and past and present FFA officers, regarding the social media posts made by Plaintiff. FFA is without information sufficient to admit or deny the remaining allegations of Paragraph 12 of the Complaint and therefore denies the same and demands strict proof thereof.

13. In response to the allegations of Paragraph 13 of the Complaint, FFA admits it requested a public apology from Plaintiff. The remaining allegations of Paragraph 13 are denied.

14. In response to the allegations of Paragraph 14 of the Complaint, FFA admits Plaintiff posted an apology that was reviewed by FFA staff prior to being posted. The remaining allegations of Paragraph 14 are denied.

15. FFA is without information sufficient to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies the same and demands strict proof thereof.

16. FFA is without information sufficient to admit or deny the allegations of Paragraph 16 of the Complaint and therefore denies the same and demands strict proof thereof.

17. FFA admits the allegations of Paragraph 17 of the Complaint.

18. In response to the allegations of Paragraph 18 of the Complaint, FFA admits the FFA Board of Directors met in executive session on June 4, 2020. The remaining allegations of Paragraph 18 are denied.

19. In response to the allegations of Paragraph 19 of the Complaint, FFA admits the FFA CEO spoke to Plaintiff on June 4, 2020 by phone. The remaining allegations of Paragraph 19 of the Complaint are denied.

20. In response to the allegations of paragraph 20 of the Complaint, FFA admits the FFA CEO asked Plaintiff to resign. FFA further admits Plaintiff was removed from the position of Western Region VP/National Officer for FFA effective June 4, 2020. The remaining allegations of Paragraph 20 of the Complaint are denied.

21. In response to the allegations of Paragraph 21, FFA admits that it posted a statement on its Facebook page on June 4, 2020 concerning Plaintiff. To the extent that the allegations of Paragraph21 are inconsistent with what was posted or incomplete, they are denied.

22. In response to the allegations of Paragraph 22, FFA admits that it posted a statement on its Facebook page on June 4, 2020 concerning Plaintiff. To the extent that the allegations of Paragraph22 are inconsistent with what was posted or incomplete, they are denied.

**COUNT I: BREACH OF CONTRACT**

23. In response to the allegations of Paragraph 23 of the Complaint, FFA hereby incorporates Paragraph 1-22 of its Answer as though fully set forth herein.

24. FFA is without information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies the same and demands strict proof thereof.

25. FFA is without information sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore denies the same and demands strict proof thereof.

26. FFA denies the allegations of Paragraph 26 of the Complaint.

27. FFA denies the allegations of Paragraph 27 of the Complaint.

**COUNT II: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

28. In response to the allegations of Paragraph 28 of the Complaint, FFA hereby incorporates Paragraph 1-27 of its Answer as though fully set forth herein.

29. The allegations contained in Paragraph 29 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, FFA denies the same and demands strict proof thereof.

30. FFA denies the allegations of Paragraph 30 of the Complaint.

31. FFA denies the allegations of Paragraph 31 of the Complaint.

32. FFA denies the allegations of Paragraph 32 of the Complaint.

FFA denies that Plaintiff is entitled to the relief set forth in the Prayer and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

1. As a separate and alternative affirmative defense, FFA states that the Complaint fails to state a claim against it upon which relief can be granted.

2. As a separate and alternative affirmative defense, Plaintiff's damages were proximately caused by his own conduct or one or more third parties over whom FFA had no control or for whose actions FFA cannot be held responsible.

4. As a separate and alternative affirmative defense, FFA states that Plaintiff has not suffered injury, damages or otherwise as a result of FFA's acts, omissions or conduct.

5. As a separate and alternative affirmative defense, Plaintiff may have failed to mitigate his damages.

6. As a separate and alternative affirmative defense, FFA states punitive damages are improper, and an award of punitive damages would amount to excessive punishment in violation of due process of law and in violation of the Constitution of the United States, the State of New Mexico, and the common law.

8. As a separate and alternative affirmative defense, FFA states that Plaintiff's recovery may be barred by the doctrines of laches, waiver and/or estoppel.

9. As a separate and alternative affirmative defense, FFA states that Plaintiff's recovery may be barred by the equitable defense of unclean hands.

10. As a separate and alternative affirmative defense, FFA states that Plaintiff's claims may be time barred.

12. As a separate and alternative affirmative defense, FFA asserts that Plaintiff's recovery may be barred by the doctrines of economic waste.

13. As a separate and alternative affirmative defense, FFA asserts that Plaintiff's recovery may be barred by the doctrine of fraud.

13. These Affirmative Defenses are preliminary, without the benefit of discovery and the factual information surrounding Plaintiff's claims. FFA has not voluntarily waived any Affirmative Defense. If additional Affirmative Defenses are found to later be applicable, FFA specifically reserves the right to amend its Answer to this Complaint.

**JURY DEMAND**

FFA demands a jury for all issues triable to a jury.

WHEREFORE, having fully answered the Complaint, FFA respectfully requests this Court dismiss the Complaint in its entirety with prejudice, for costs and fees in having

to respond to this Complaint and for such further relief as this Court deems just and proper.

Respectfully submitted,

**CHAPMAN AND PRIEST, P.C.**

*/s/ Donna L. Chapman*
Donna L. Chapman
Marianne L. Bowers
P.O. Box 92438
Albuquerque, NM 87199
Tel: (505) 242-6000
donna@cplawnm.com
mariannebowers@cplawnm.com
*Attorneys for Defendant Future Farmers of America*

I HEREBY CERTIFY that on the 21st day of August, 2020, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

A Blair Dunn
Jared R. Vander Dussen
Western Agriculture, Resource and
Business Law Advocates, LLP
400 Gold St. SW, Suite 1000
Albuquerque, NM 87102
Tel: (505) 750-3060
Abdunn@ablairdunn-esq.com
Warba.llp.jared@gmail.com
*Attorneys for Plaintiff*

*/s/ Donna L. Chapman*
Donna L. Chapman