**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LYLE LOGEMANN,**

**Plaintiff,**

**vs.** **No. 20-CV-845/JB/GJF**

**NATIONAL FFA ASSOCIATION,**

**Defendant.**

**MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES**

Future Farmers of America (FFA), d/b/a the National FFA Organization, incorrectly identified as National FFA Association, (hereinafter "FFA"), by and through its counsel, CHAPMAN AND PRIEST, P.C., (Donna L. Chapman, Darci A. Carroll, and Sydney L. Jans), pursuant to Fed. R. Civ. P. 37 moves this Court for its Order compelling Plaintiff to provide full responses to discovery and awarding attorneys' fees and costs associated with this Motion. Defendant has contacted opposing counsel pursuant to Local Rule 7.1(a) and counsel opposes this Motion.

## I. PROCEDURAL HISTORY – DEFENDANT FFA's GOOD FAITH ATTEMPT TO RESOLVE DISCOVERY DISPUTE

1. FFA served its First Set of Interrogatories and Requests for Production to Plaintiff Lyle Logemann on March 8, 2021. *See* Certificate of Service, Document 18, Filed March 8, 2021.

2. Plaintiff Lyle Logemann served his Responses and Objections to Future Farmers of America's First Set of Interrogatories and Requests for Production on April 7, 2021. *See* Certificate of Service, Document 19, Filed April 7, 2021.

3. On June 2, 2021, FFA's counsel sent correspondence to Plaintiff's counsel pursuant to Fed. R. Civ. P. 37 requesting Plaintiff supplement his deficient and

unresponsive answers to Interrogatory No. 7 and Interrogatory No. 12 no later than June 9, 2021. *See* good faith correspondence dated June 2, 2021, attached as **Exhibit A**.

4. On June 2, 2021, Plaintiff's counsel responded via electronic mail stating, "Unless you can provide some jurisprudence that explains why contention interrogatories are appropriate at this juncture contrary to the holdings noted above, we will not be supplying supplementation at this juncture." FFA responded with an offer of additional time and reiterating FFA's request for supplementation. Plaintiff's counsel then stated, "No I think our position was clear. We will not be providing supplementation." FFA acknowledged, "We understand you do not wish to supplement and will proceed accordingly." Finally, Plaintiff's counsel stated, "No Donna it is not that simple. You have to confer and actually explain why the cases we voted are inapplicable." *See* Counsels' June 2, 2021 email communications attached as **Exhibit B**.

5. On June 4, 2021, FFA's counsel, in further good faith attempts to resolve this discovery dispute, provided a full analysis of FFA's request for supplementation, concluding with , "It is for these reasons that we respectfully disagree with your reading of *Lucero* and *Unal* and ask that Plaintiff supplement his response to these interrogatories. Please let us know if you stand by your position or you will supplement." *See* FFA counsel's June 4, 2021 email communication attached as **Exhibit C**.

6. As of this filing, Plaintiff has not supplemented his deficient answers to Interrogatory No. 7 or Interrogatory No. 12 and Plaintiff's counsel has not provided any further communication regarding the requested supplementation or reasoning as to why the analysis provided by FFA is incorrect.

## II. DISPUTED DISCOVERY REQUESTS AND RESPONSES

### a. FFA's First Set of Interrogatories and Requests for Production: Interrogatory No. 7.

Interrogatory No. 7 asked Plaintiff if it was his contention that his social media posts did not violate the FFA code of ethics/conduct or the FFA commitment to appreciate and promote diversity within the FFA:

> Do you contend that your social media posts did not violate the FFA code of ethics/conduct or the FFA commitment to appreciate and promote diversity within the FFA? If so, please state every fact that supports your contention.

### b. FFA's First Set of Interrogatories and Requests for Production: Interrogatory No. 12.

Interrogatory No. 12 asked Plaintiff to specify the damages he is entitled to as a result of alleged incident:

> Itemize and state with specificity each and every element of damages you claim you are entitled to recover as a result of the incident alleged in your Complaint, including but not limited to:
>
> a) the value of your claim for loss of income, scholarships, stipends, per diems or any other benefits pertaining to National Officer of FFA;
> b) the value for your claim for breach of contract;
> c) the value for your claim for breach of covenant of good faith and fair dealing;
> d) the value of your claim for loss to reputation; and
> e) the value of your claim for any other damages you contend are recoverable.

### c. Plaintiff's Responses and Objections to FFA's First Set of Interrogatories and Requests for Production: Interrogatories No. 7 and No. 12.

Plaintiff objects to answering Interrogatories No. 7 and No. 12 on the grounds that they are contention interrogatories:

> ANSWER: Plaintiff objects to this Interrogatory as a contention interrogatory as contemplated in *Lucero v. Valdez*,

> 240 F.R.D. 591 (D.N.M. 2007), wherein the Magistrate Judge noted that many "courts have criticized the indiscriminate use of contention interrogatories" although none have as of yet "categorically prohibited" their use. *Id.* at 94. Contention interrogatories that ask for "each and every fact" and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka,* 179 F.R.D. 316, 321 (D.Kan.1998); *Convergent Tech.,* 108 F.R.D. at 338. Quite simply, "[c]ontention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007); *referencing Hiskett v. Wal–Mart Stores, Inc.,* 180 F.R.D. 403, 404 (D.Kan.1998); *Lawrence v. First Kansas Bank & Trust,* 169 F.R.D. 657, 663 (D.Kan.1996). As this is a contention interrogatory and no other discovery has yet been sought or achieved by Defendant this contention interrogatory is inappropriate and premature. "Moreover, the Court has considerable discretion in determining when contention interrogatories must be answered depending on how much discovery has been completed. []The parties are nearing the discovery deadline, with less than 50 days remaining until discovery closes. These contention interrogatories are appropriate, and Defendants may seek and obtain factual responses from Unal." *Unal v. Los Alamos Pub. Sch.*, 2013 WL 12204176, at *3 (D.N.M. Dec. 4, 2013).

## III. <u>ARGUMENT AND AUTHORITY</u>

Plaintiff has refused to respond to Interrogatories No. 7 and No. 12, objecting that requested discovery are contention interrogatories that are inappropriate and premature. *See* Pl.'s Response to Defendant's Interrogatory No. 7; Pl.'s Response to Defendant's Interrogatory No. 12. However, Plaintiff's objections are without merit.

While courts have criticized the use of contention interrogatories in early discovery, their importance has been identified, especially early on, in narrowing the scope of a dispute, clarifying issues, and facilitating early settlement discussions. *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). It is for this reason that contention interrogatories

may "ask for the material or principal facts that support a party's contentions, and . . . do not encompass every allegation, or a significant number of allegations, made by a party are proper." *Id* at 594. Contention interrogatories are most heavily criticized when they "systematically track all of the allegations in an opposing party's pleadings, ask for each and every fact and application of law to fact that supports the party's allegations . . . ", and are written broadly and served early in discovery. *Id* at 594. It is important to note that no court has categorically prohibited the use of contention interrogatories. *Id* at 594.

In asking for the answer to Interrogatory No. 7, Defendant is attempting to have this issue clarified. Plaintiff has provided no admission or denial as to this crucial fact. An understanding of what is being argued regarding this fact is vital. This question attempts to narrow the issues in the case and thus, streamline the litigation.

Providing a response to Interrogatory No. 12 regarding the specificity of damages will narrow the scope of issues that are being disputed. It may also aid in any future settlement discussion. as it will provide Defendant with a clearer understanding of the extent of Plaintiff's claimed injuries.

Additionally, Interrogatory No. 7 and Interrogatory No. 12 do not track each of the allegations made by Plaintiff or ask for every fact or their application to law that support Plaintiff's allegations. These interrogatories are not broadly written and ask for specific information regarding Plaintiff's claim.

## IV. CONCLUSION

As required by *Lucero*, supra, there is already a need for a response to Interrogatory No. 7 and Interrogatory No. 12 because of the material and principal nature of the facts requested. The Interrogatories are not broadly written, do not ask for any application of fact to law, will clarify an issue, narrow the scope of this dispute, and

possibly set up early settlement discussion. As such, they are significantly important to the advancement of the litigation.

WHEREFORE, FFA respectfully requests that the Court order Plaintiff to respond to FFA's First Set of Interrogatories and Request for Production as set forth herein. FFA further requests its attorneys' fees and costs in having to file this Motion.

Respectfully Submitted,

**CHAPMAN AND PRIEST, P.C**

*/s/ Sydney L Jans*___________
Donna L. Chapman
Darci A. Carroll
Sydney L. Jans
4100 Osuna NE, Suite 2-202
Albuquerque, New Mexico 87109
(505) 242-6000
donna@cplawnm.com
darcicarroll@cplawnm.com
sydneyjans@cplawnm.com
*Attorneys for Future Farmers of America*

I HEREBY CERTIFY that on this 9th day of July 2021, the foregoing was electronically filed with the district court through the CM/ECF and served on the following counsel of record:

A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
Western Agriculture, Resource
And Business Law Advocates, LLP
400 Gold St. SW. Suite 1000
Albuquerque, NM 87102
505-750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com
*Attorneys for Plaintiff*

*/s/ Sydney L. Jans*
Sydney L. Jans

CHAPMAN AND PRIEST
P.C.

Voice: 505.242.6000
Facsimile: 505.213.0561
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com

June 2, 2021

**Via Email To: abdunn@ablairdunn-esq.com**

A. Blair Dunn
Western Agricultural, Resource and Business Law Advocates, LLC
400 Gold St. SW, Suite 1000
Albuquerque, NM 87102

**RE: Logemann, Lyle v. National FFA Association**
**Case No. D-911-CV-2020-00114 and 1:20-CV-00845**

Dear Mr. Dunn,

Please consider this letter an attempt in good faith to resolve discovery issues without court intervention pursuant to Rule 1-037 NMRA.

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action. The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. A party responding to discovery request shall provided all non-privileged responsive information then known to the party, subject to the limitations in these rules or as ordered by the court." 1-037(A)(2) NMRA.

If a party "fails to answer a questions propounded or submitted under Rule 1-030 NMRA or Rule 1-031 NMRA, or a party fails to answer an interrogatory submitted under Rule 1-033 NMRA, the discovering party may move for an order compelling an answer in accordance with the request." 1-037(A)(2). NMRA.

"A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows: Any motion filed pursuant to 1-037(C)(4) NMRA shall state that the counsel made a good faith effort to resolve the issue with opposing counsel prior to filing a motion and compel discovery." 1-037(A)(4) NMRA. Below is a list of interrogatories and requests for production to which Plaintiff's answers were deficient.

**Exhibit A**

**INTERROGATORIES**

**Interrogatory No. 7:** Do you contend that your social media posts did not violate the FFA code of ethics/conduct or the FFA commitment to appreciate and promote diversity within the FFA? If so, please state every fact that supports your contention.

**Your Answer to Interrogatory No. 7:** Plaintiff objects to this Interrogatory as a contention interrogatory as contemplated in *Lucero v. Valdez*, 240 F.R.D. 591 (D.N.M. 2007), wherein the Magistrate Judge noted that many "courts have criticized the indiscriminate use of contention interrogatories" although none have as of yet "categorically prohibited" their use. *Id.* at 594. Contention interrogatories that ask for "each and every fact" and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka,* 179 F.R.D. 316, 321 (D.Kan.1998); *Convergent Tech.,* 108 F.R.D. at 338. Quite simply, "[c]ontention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007); *referencing Hiskett v. Wal–Mart Stores, Inc.,* 180 F.R.D. 403, 404 (D.Kan.1998); *Lawrence v. First Kansas Bank & Trust,* 169 F.R.D. 657, 663 (D.Kan.1996). As this is a contention interrogatory and no other discovery has yet been sought or achieved by Defendant this contention interrogatory is inappropriate a premature. "Moreover, the Court has considerable discretion in determining when contention interrogatories must be answered depending on how much discovery has been completed. []The parties are nearing the discovery deadline, with less than 50 days remaining until discovery closes. These contention interrogatories are appropriate and Defendants may seek and obtain factual responses from Unal." *Unal v. Los Alamos Pub. Sch.*, 2013 WL 12204176, at *3 (D.N.M. Dec. 4, 2013).

**Issue to Resolve:** A party responding to a discovery request must provide "all non-privileged responsive information then known to the party," unless limited by the rules or a court order. Rule 1-026(B) NMRA. New Mexico pretrial discovery rules "intend a liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 13, 98 N.M. 394, 649 P.2d 462. Under New Mexico rules, the presumption is in favor of discovery. *Id.* The Supreme Court of New Mexico has determined that in construing the rules of discovery, the court "must begin with the notion that discovery is designed to 'make a trial less of game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 54, 96 N.M. 155, 629 P.2d 231 (citing *United States v. Procter*, 356 U.S. 677, 682 (1958)). Unless it is palpable that the evidence sought can have absolutely no possible bearing upon the issues, the spirit of the rules of civil procedure calls for every relevant

fact, however remote, to be brought out for the inspection not only of the opposing party but for the benefit of the court, which in due course can eliminate those facts which are not to be considered in determining the ultimate issues. *See Id*. at 181. Pursuant to Rule 1-026(E) a party has a duty to supplement responses through new requests for supplementation of prior responses. In addition, a party has a duty to seasonably supplement or amend a prior response to an interrogatory, request for production, or request for admission if a party learns that the response is materially incomplete or incorrect and if additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing.

The U.S. District Court for the District of New Mexico also determine in *Lucero v. Valdez* that "[i]nterrogatories may ask for the material or principal facts that support a party's contentions, and contention interrogatories that do not encompass every allegation, or a significant number of allegations, made by a party are proper." *Lucero v. Valdez*, 240 F.R.D. 591 (D.N.M. 2007). Courts that have opposed contention interrogatories have also recognized the important benefits that they possess because they result in clarifying and narrowing the issues in litigation as early as possible. *Id* at 594. Plaintiff did not allege that he had not violated the FFA code of ethics/conduct or the FFA commitment to appreciate and promote diversity within the FFA. Interrogatory No. 7 is intended to discern material facts that concern Plaintiff's contention. Additionally, Interrogatory No. 7 does not encompass every allegation, or even a significant number of allegations. Interrogatory No.7 also serves the purpose of clarifying whether Plaintiff believes he violated the FFA code of ethics/conduct or the FFA commitment to appreciate and promote diversity. Therefore, please supplement Plaintiff's answer to Interrogatory No. 7.

**Interrogatory No. 12:** Itemize and state with specificity each and every element of damages you claim you are entitled to recover as a result of the incident alleged in your Complaint, including but not limited to:

a) the value of your claim for loss of income, scholarships, stipends, per diems or any other
benefits pertaining to National Officer of FFA;
b) the value for your claim for breach of contract;
c) the value for your claim for breach of covenant of good faith and fair dealing;
d) the value of your claim for loss to reputation; and
e) the value of your claim for any other damages you contend are recoverable.

**Your Answer to Interrogatory No. 12:** Plaintiff objects to this Interrogatory as a contention interrogatory as contemplated in *Lucero v. Valdez*, 240 F.R.D. 591 (D.N.M. 2007), wherein the Magistrate Judge noted that many "courts have criticized the indiscriminate use of contention interrogatories" although none have as of yet "categorically prohibited" their use. *Id.* at 594. Contention interrogatories that ask for "each and every fact" and application of law to fact that supports the party's allegations, are an

abuse of the discovery process because they are overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka,* 179 F.R.D. 316, 321 (D.Kan.1998); *Convergent Tech.,* 108 F.R.D. at 338. Quite simply, "[c]ontention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007); *referencing Hiskett v. Wal–Mart Stores, Inc.,* 180 F.R.D. 403, 404 (D.Kan.1998); *Lawrence v. First Kansas Bank & Trust,* 169 F.R.D. 657, 663 (D.Kan.1996). As this is a contention interrogatory and no other discovery has yet been sought or achieved by Defendant this contention interrogatory is inappropriate premature. "Moreover, the Court has considerable discretion in determining when contention interrogatories must be answered depending on how much discovery has been completed. []The parties are nearing the discovery deadline, with less than 50 days remaining until discovery closes. These contention interrogatories are appropriate and Defendants may seek and obtain factual responses from Unal." *Unal v. Los Alamos Pub. Sch.*, 2013 WL 12204176, at *3 (D.N.M. Dec. 4, 2013).

**Issue to Resolve:** A party responding to a discovery request must provide "all non-privileged responsive information then known to the party," unless limited by the rules or a court order. Rule 1-026(B) NMRA. New Mexico pretrial discovery rules "intend a liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 13, 98 N.M. 394, 649 P.2d 462. Under New Mexico rules, the presumption is in favor of discovery. *Id.* The Supreme Court of New Mexico has determined that in construing the rules of discovery, the court "must begin with the notion that discovery is designed to 'make a trial less of game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 54, 96 N.M. 155, 629 P.2d 231 (citing *United States v. Procter*, 356 U.S. 677, 682 (1958)). Unless it is palpable that the evidence sought can have absolutely no possible bearing upon the issues, the spirit of the rules of civil procedure calls for every relevant fact, however remote, to be brought out for the inspection not only of the opposing party but for the benefit of the court, which in due course can eliminate those facts which are not to be considered in determining the ultimate issues. *See Id.* at 181. Pursuant to Rule 1-026(E) a party has a duty to supplement responses through new requests for supplementation of prior responses. In addition, a party has a duty to seasonably supplement or amend a prior response to an interrogatory, request for production, or request for admission if a party learns that the response is materially incomplete or incorrect and if additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing.

The U.S. District Court for the District of New Mexico also determine in *Lucero v. Valdez* that "[i]nterrogatories may ask for the material or principal facts that support a party's contentions, and contention interrogatories that do not encompass every

allegation, or a significant number of allegations, made by a party are proper." *Lucero v. Valdez*, 240 F.R.D. 591 (D.N.M. 2007). Courts that have opposed contention interrogatories have also recognized the important benefits that they possess because they result in clarifying and narrowing the issues in litigation as early as possible. *Id* at 594. Interrogatory No. 12 is intended to discern material facts that support and clarify the amount and nature of damages he claims to be entitled to. Therefore, please supplement Plaintiff's answer to Interrogatory No. 12.

I respectfully request that you respond to this correspondence with your client's supplemental discovery answers and responses no later than June 9, 2021.

Sincerely,

**CHAPMAN AND PRIEST, P.C.**

*/s/ Sydney L. Jans*

Donna L. Chapman
Darci A. Carroll
Sydney L. Jans

DLC/SLJ:mnk
File No. 010-2412

**From:** abdunn@ablairdunn-esq.com
**Sent:** 6/02/2021 5:58PM
**To:** donna@cplawnm.com
**CC:** DarciCarroll@cplawnm.com; sydneyjans@cplawnm.com; warba.llp.tammy@gmail.com; warba.llp.jared@gmail.com

**Subject:** Re: Logemann, Lyle v. National FFA Association
**Attachment:** 5

No Donna it is not that simple. You have to confer and actually explain why the cases we voted are inapplicable.

A. Blair Dunn, Esq.
WARBA, LLP
(505) 750-3060

From: Donna L. Chapman <donna@cplawnm.com>
Sent: Wednesday, June 2, 2021, 5:32 PM
To: abdunn@ablairdunn-esq.com
Cc: Darci Carroll; Sydney Jans; 'Tammy Pelletier'; 'Jared Vander Dussen'
Subject: RE: Logemann, Lyle v. National FFA Association

We understand you do not wish to supplement and will proceed accordingly. Have a good evening.

Donna L. Chapman
Attorney At Law/Managing Shareholder
P.O. Box 92438
Albuquerque, NM 87199

Street Address:
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com
Voice: 505.242.6000 Facsimile: 505.213.0561

(Image) (Image)

(Image)

an AV ® rated law firm

Exhibit B

This communication, including attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient(s) is unauthorized and prohibited. Any transmission of confidential and/or privileged material to persons or entities other than the intended recipient(s) shall not be construed as a waiver of any privilege or confidence. If you receive this transmission in error, please contact the sender and delete the material.

From: abdunn@ablairdunn-esq.com <abdunn@ablairdunn-esq.com>
Sent: Wednesday, June 2, 2021 4:50 PM
To: Donna L. Chapman <donna@cplawnm.com>
Cc: Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>; 'Tammy Pelletier' <warba.llp.tammy@gmail.com>; 'Jared Vander Dussen' <warba.llp.jared@gmail.com>
Subject: RE: Logemann, Lyle v. National FFA Association

No I think our position was clear. We will not be providing supplementation. If you need further clarification please feel free to call and we can confer about why contention interrogatories are inappropriate at this juncture.

(Image)

From: Donna L. Chapman <donna@cplawnm.com>
Sent: Wednesday, June 2, 2021 4:45 PM
To: abdunn@ablairdunn-esq.com
Cc: Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>; Tammy Pelletier <warba.llp.tammy@gmail.com>; 'Jared Vander Dussen' <warba.llp.jared@gmail.com>
Subject: RE: Logemann, Lyle v. National FFA Association

Dear Mr. Dunn:

If you need additional time, please ask for it. We certainly understand you have been otherwise occupied.

Otherwise, we do expect supplementation to the discovery as requested. Thank you for your attention to this matter.

Donna L. Chapman
Attorney At Law/Managing Shareholder
P.O. Box 92438

Albuquerque, NM 87199

Street Address:
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com
Voice: 505.242.6000 Facsimile: 505.213.0561

(Image) (Image)

(Image)

an AV ® rated law firm

This communication, including attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient(s) is unauthorized and prohibited. Any transmission of confidential and/or privileged material to persons or entities other than the intended recipient(s) shall not be construed as a waiver of any privilege or confidence. If you receive this transmission in error, please contact the sender and delete the material.

From: abdunn@ablairdunn-esq.com <abdunn@ablairdunn-esq.com>
Sent: Wednesday, June 2, 2021 3:47 PM
Cc: Donna L. Chapman <donna@cplawnm.com>; Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>; Tammy Pelletier <warba.llp.tammy@gmail.com>; 'Jared Vander Dussen' <warba.llp.jared@gmail.com>
Subject: RE: Logemann, Lyle v. National FFA Association

Ms. Jans,

Your correspondence does not explain why either Lucero or much less Unal do not apply to the stage of discovery for this case. Moreover, Mr. Logemann supplied his response to your discovery almost 60 days ago, your good faith correspondence is very delayed and yet you demand supplementation that you have in no adequate way explained is supported by the case law. I can appreciate that insurance defense counsel is paid by the hour and that you apparently needed some billable hours, but I do not appreciate having my time wasted in that effort. Unless you can provide some jurisprudence that explains why contention interrogatories are appropriate at this juncture contrary to the holdings noted above we will not be supplying supplementation at this juncture within the inappropriately short time frame you have demanded. Feel free to

call to discuss if you think that would be productive.

Respectfully,

(Image)

From: Marissa Koskovich <marissakoskovich@cplawnm.com>
Sent: Wednesday, June 2, 2021 2:40 PM
To: abdunn@ablairdunn-esq.com
Cc: Donna L. Chapman <donna@cplawnm.com>; Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>
Subject: Logemann, Lyle v. National FFA Association

Mr. Dunn,

Attached please find correspondence from Ms. Jans, dated today.

Marissa Koskovich
Legal Assistant
P.O. Box 92438
Albuquerque, NM 87199
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com
Voice: 505.242.6000 Facsimile: 505.213.0561

(Image)

an AV ® rated law firm

This communication, including attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient(s) is unauthorized and prohibited. Any transmission of confidential and/or privileged material to persons or entities other than the intended recipient(s) shall not be construed as a waiver of any privilege or confidence. If you receive this transmission in error, please contact the sender and delete the material.

**From:** donna@cplawnm.com
**Sent:** 6/04/2021 12:16PM
**To:** abdunn@ablairdunn-esq.com
**CC:** DarciCarroll@cplawnm.com; sydneyjans@cplawnm.com; warba.llp.tammy@gmail.com; warba.llp.jared@gmail.com

**Subject:** RE: Logemann, Lyle v. National FFA Association
**Attachment:** 1

While you are correct that the court in Lucero v. Valdez states that courts have criticized contention interrogatories early in discovery, the court also discusses their importance, especially early on, in narrowing the scope of a dispute and clarifying issues in the case. Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007). Contention interrogatories are most heavily criticized when they "systematically track all of the allegations in an opposing party's pleadings, ask for each and every fact and application of law to fact that supports the party's allegations . . . ", and are written broadly and served early in discovery. Id at 594. It is for this reason that contention interrogatories may "ask for the material or principal facts that support a party's contentions, and . . . do not encompass every allegation, or a significant number of allegations, made by a party are proper." Id at 594. It is also important to note that no court has categorically prohibited the use of contention interrogatories in all cases. Id at 594.

In asking for the answer to Interrogatory No. 7 as whether the Plaintiff contends that he did not violate the FFA code of ethics/conduct or the FFA commitment to appreciate and promote diversity within the FFA, we are attempting to have this issue clarified. It is important that we all understand exactly what is being argued, especially this early on. Additionally, providing a response to Interrogatory No. 12 regarding the specificity of damages will narrow the scope of issues that are being disputed. It may also aid in any future settlement discussion. These interrogatories also neither track each of the allegations that Plaintiff alleges nor ask for every fact or their application to law that support Plaintiff's allegations. Furthermore, even though these interrogatories were served early in discovery, neither of these interrogatories are broadly written; they ask for specific information while providing limitations.

Here, as required by Lucero for allowing contention interrogatories, there is already a need for a response to Interrogatory No. 7 and No. 12 because of the material and principal nature of the facts requested. Also required by Lucerco, the Interrogatories are not broadly written, do not ask for any application of fact to law, will clarify an issue, narrow the scope of this dispute, and possibly set up early settlement discussion.

It is for these reasons that we respectfully disagree with your reading of Lucero and Unal and ask that Plaintiff supplement his response to these

**Exhibit C**

interrogatories. Please let us know if you stand by your position or you will supplement.

Donna L. Chapman
Attorney At Law/Managing Shareholder
P.O. Box 92438
Albuquerque, NM 87199

Street Address:
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com
Voice: 505.242.6000 Facsimile: 505.213.0561

(Image) (Image)

(Image)

an AV ® rated law firm

This communication, including attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient(s) is unauthorized and prohibited. Any transmission of confidential and/or privileged material to persons or entities other than the intended recipient(s) shall not be construed as a waiver of any privilege or confidence. If you receive this transmission in error, please contact the sender and delete the material.

From: A. Blair Dunn, Esq. <abdunn@ablairdunn-esq.com>
Sent: Wednesday, June 2, 2021 5:58 PM
To: Donna L. Chapman <donna@cplawnm.com>
Cc: Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>; 'Tammy Pelletier' <warba.llp.tammy@gmail.com>; 'Jared Vander Dussen' <warba.llp.jared@gmail.com>
Subject: Re: Logemann, Lyle v. National FFA Association

No Donna it is not that simple. You have to confer and actually explain why the cases we voted are inapplicable.

A. Blair Dunn, Esq.
WARBA, LLP
(505) 750-3060

From: Donna L. Chapman <donna@cplawnm.com>
Sent: Wednesday, June 2, 2021, 5:32 PM
To: abdunn@ablairdunn-esq.com
Cc: Darci Carroll; Sydney Jans; 'Tammy Pelletier'; 'Jared Vander Dussen'
Subject: RE: Logemann, Lyle v. National FFA Association

We understand you do not wish to supplement and will proceed accordingly. Have a good evening.

Donna L. Chapman
Attorney At Law/Managing Shareholder
P.O. Box 92438
Albuquerque, NM 87199

Street Address:
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com
Voice: 505.242.6000 Facsimile: 505.213.0561

(Image) (Image)

(Image)

an AV ® rated law firm

This communication, including attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient(s) is unauthorized and prohibited. Any transmission of confidential and/or privileged material to persons or entities other than the intended recipient(s) shall not be construed as a waiver of any privilege or confidence. If you receive this transmission in error, please contact the sender and delete the material.

From: abdunn@ablairdunn-esq.com <abdunn@ablairdunn-esq.com>
Sent: Wednesday, June 2, 2021 4:50 PM
To: Donna L. Chapman <donna@cplawnm.com>
Cc: Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>; 'Tammy Pelletier' <warba.llp.tammy@gmail.com>; 'Jared Vander Dussen' <warba.llp.jared@gmail.com>
Subject: RE: Logemann, Lyle v. National FFA Association

No I think our position was clear. We will not be providing supplementation. If you need further clarification please feel free to call and we can confer about why contention interrogatories are inappropriate at this juncture.

(Image)

From: Donna L. Chapman <donna@cplawnm.com>
Sent: Wednesday, June 2, 2021 4:45 PM
To: abdunn@ablairdunn-esq.com
Cc: Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>; Tammy Pelletier <warba.llp.tammy@gmail.com>; 'Jared Vander Dussen' <warba.llp.jared@gmail.com>
Subject: RE: Logemann, Lyle v. National FFA Association

Dear Mr. Dunn:

If you need additional time, please ask for it. We certainly understand you have been otherwise occupied.

Otherwise, we do expect supplementation to the discovery as requested. Thank you for your attention to this matter.

Donna L. Chapman
Attorney At Law/Managing Shareholder
P.O. Box 92438
Albuquerque, NM 87199

Street Address:
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com
Voice: 505.242.6000 Facsimile: 505.213.0561

(Image) (Image)

(Image)

an AV ® rated law firm

This communication, including attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient(s) is unauthorized and prohibited. Any transmission of confidential and/or privileged material to persons or entities other than the intended recipient(s) shall not be construed as a waiver of any privilege or confidence. If you receive this transmission in error, please contact the sender and delete the material.

From: abdunn@ablairdunn-esq.com <abdunn@ablairdunn-esq.com>
Sent: Wednesday, June 2, 2021 3:47 PM
Cc: Donna L. Chapman <donna@cplawnm.com>; Darci Carroll <DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>; Tammy Pelletier <warba.llp.tammy@gmail.com>; 'Jared Vander Dussen' <warba.llp.jared@gmail.com>
Subject: RE: Logemann, Lyle v. National FFA Association

Ms. Jans,

Your correspondence does not explain why either Lucero or much less Unal do not apply to the stage of discovery for this case. Moreover, Mr. Logemann supplied his response to your discovery almost 60 days ago, your good faith correspondence is very delayed and yet you demand supplementation that you have in no adequate way explained is supported by the case law. I can appreciate that insurance defense counsel is paid by the hour and that you apparently needed some billable hours, but I do not appreciate having my time wasted in that effort. Unless you can provide some jurisprudence that explains why contention interrogatories are appropriate at this juncture contrary to the holdings noted above we will not be supplying supplementation at this juncture within the inappropriately short time frame you have demanded. Feel free to call to discuss if you think that would be productive.

Respectfully,

(Image)

From: Marissa Koskovich <marissakoskovich@cplawnm.com>
Sent: Wednesday, June 2, 2021 2:40 PM
To: abdunn@ablairdunn-esq.com

Cc: Donna L. Chapman <donna@cplawnm.com>; Darci Carroll
<DarciCarroll@cplawnm.com>; Sydney Jans <sydneyjans@cplawnm.com>
Subject: Logemann, Lyle v. National FFA Association

Mr. Dunn,

Attached please find correspondence from Ms. Jans, dated today.

Marissa Koskovich
Legal Assistant
P.O. Box 92438
Albuquerque, NM 87199
4100 Osuna NE, Suite 2-202
Albuquerque, NM 87109
www.cplawnm.com
Voice: 505.242.6000 Facsimile: 505.213.0561

(Image)

an AV ® rated law firm

This communication, including attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient(s) is unauthorized and prohibited. Any transmission of confidential and/or privileged material to persons or entities other than the intended recipient(s) shall not be construed as a waiver of any privilege or confidence. If you receive this transmission in error, please contact the sender and delete the material.