**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LYLE LOGEMANN,**

**Plaintiff,**

**v.** **No. 20-CV-845/JB/GJF**

**NATIONAL FFA ASSCOIATION,**

**Defendant.**

**PLAINTIFF'S RESPONSE TO FUTURE FARMERS OF AMERICA d/b/a THE NATIONAL FFA ORGANIZATION'S OMNIBUS MOTION IN LIMINE**

COMES NOW, Plaintiff Lyle Logemann, by and through undersigned counsel of record Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq. and Jared R. Vander Dussen, Esq.) and provides his response to the Omnibus Motion in Limine of Defendant.

## INTRODUCTION

The Defendant in its motion seeks to exclude relevant information that may aid the jury in making an informed decision regarding the matter before this Court. The Defendant's request attempts to handicap the Plaintiff's argument and narrow the Plaintiff's presentation, but the information and testimony the Defendant seeks to exclude is relevant in proving that the Defendant acted in bad faith.

## LEGAL STANDARDS GOVERNING MOTIONS IN LIMINE

Evidence and testimony may be excluded in its entirety at trial because these categories of information are immaterial, unfairly prejudicial and could mislead or confuse a jury. *See Proper v. Mowry*, 1977-NMCA-080, ¶ 19, 90 N.M. 710, 586 P.2d 236, *quoting Wagner v. Larson*, 136 N.W.2d 312 (Iowa 1965) (the purpose of a motion in limine is to "exclude prejudicial matter and not to exclude irrelevant evidence[,] it is also "a useful tool in preventing immaterial matter from

encumbering the record."). "Evidence should be excluded if it is 'calculated to arouse the prejudices and passions of the jury and [is] not reasonably relevant to the issues of the case.'" *See State v. Chamberlain*, 1991-NMSC-094, ¶ 9, 112 N.M. 723, 819 P.2d 673, *citing State v. Boeglin*, 1987-NMSC-002, ¶ 21, 105 N.M. 247, 731 P.2d 943.

**ARGUMENT**

Relevant evidence is admissible unless otherwise prohibited. *See* Fed. R. Evid. 402. Relevancy is a low hurdle: evidence merely needs to have "any tendency to make a fact [of consequence] more or less probable than it would be without evidence." Fed. R. Evid. 401. The Court has explained that the "standard for relevancy is particularly loose ... because '[a]ny more stringent requirement is unworkable and unrealistic.'" *United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1127 (D.N.M. 2012) (Browning, J.) (quoting Fed. R. Evid. 401 advisory committee's note). Furthermore, "Normally, [the] weighing [of probative value against the danger of unfair prejudice] should be done against a backdrop of the actual evidence at trial." *Richardson v. Missouri Pacific R. Co.*, 186 F.3d 1273, 1276 (10th Cir. 1999). "Jury instructions are also relevant to the prejudice determination," *United States v. Hernandez*, 539 F. App'x 609, 614 (5th Cir. 2013), because "[a]ppropriate jury instructions may help to reduce the risk of unfair prejudice." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014); *United States v. Damiani*, 589 F. App'x 521, 522 (11th Cir. 2015) (same).

**I. References, Arguments, Testimony or Comments Referring to Plaintiff as a "Victim".**

Plaintiff does not anticipate bringing such evidence as referenced in item 1. This attempt to preemptively limit evidence is inconsistent with this Court's practice of addressing these types of objections during trial.

**II. Argument Asking the Jury to "Send a Message" or Act as "The Conscience of the Community".**

Plaintiff does not anticipate bringing such evidence as referenced in item 2. This attempt to preemptively limit evidence is inconsistent with this Court's practice of addressing these types of objections during trial.

**III. Golden Rule Arguments.**

Plaintiff does not anticipate bringing such evidence as referenced in item 3. This attempt to preemptively limit evidence is inconsistent with this Court's practice of addressing these types of objections during trial.

**IV. Making Reference to Witnesses Not Called by Defendant.**

Plaintiff does not anticipate bringing such evidence as referenced in item 4. This attempt to preemptively limit evidence is inconsistent with this Court's practice of addressing these types of objections during trial.

**V. Settlement Offers or Lack Thereof, Offers of Judgment and Other Correspondence Between the Parties and their Counsel.**

Plaintiff does not anticipate bringing such evidence as referenced in item 5. This attempt to preemptively limit evidence is inconsistent with this Court's practice of addressing these types of objections during trial.

**VI. The Presence of Liability Insurance.**

New Mexico Supreme Court has been abundantly clear that "Rule 411 does not wholly preclude the admission of insurance disclosing evidence." *Safeco Ins. Co. of Am. v. U.S. Fid. & Guar. Co.*, 1984-NMSC-45, ¶ 15, 101 N.M. 148, 679 P.2d 816. Many other cases since then confirm that the concept of insurance is not properly excluded in a sweeping decision. For instance, "evidence of insurance does not violate Rule 11–411 if introduced to show bias or prejudice of a witness." *Lopez v. Sw. Cmty. Health Services*, 1992-NMCA-040, 114 N.M. 2, 12, 833 P.2d 1183,

1193;*Mac Tyres, Inc. v. Vigil,* 92 N.M. 446, 448, 589 P.2d 1037, 1039 (1979). In addition, such testimony has been permitted in a case very similar to the instant action. In another example, the Court in *Sutherlin v. Fenenga,* 111 N.M. 767, 773–74, 810 P.2d 353, 359–60 (Ct.App.), *cert. denied,* 111 N.M. 678, 808 P.2d 963 (1991), held that plaintiff's questioning of a defendant's witness, in an effort to determine whether the witness had a possible bias or prejudice, and which resulted in the introduction of insurance **evidence**, was not improper. Yet, despite this very clear direction in both the Rule 11-411 and the New Mexico Supreme Court's interpretation of such, Defendants seek just that wholesale exclusion of the word "insurance" and concept of it that is neither permissible under the law nor for which any specific basis or reasoning is provided.

Defendant's Motion in Limine for the wholesale exclusion of any testimony related to or referencing insurance should be denied. Should the issue of insurance be raised, its basis should and must be addressed at that time per applicable evidentiary rules.

## CONCLUSION

On a wholesale basis, this omnibus attempt at limiting trial evidence, is a cart well before the horse at trial. Relevancy after a foundation has been laid is truly only, at least as far the items covered in the instant motion is concerned, something that can and should be covered by the Court at trial.

Respectfully submitted,

*/s/ A. Blair Dunn*

A. Blair Dunn, Esq.
abdunn@ablairdunn-esq.com
Jared R. Vander Dussen, Esq.
Warba.llp.jared@gmail.com
Western Agriculture, Resource
and Business Law Advocates, LLP
400 Gold St. SW, Suite 1000
Albuquerque, NM 87102

(505)750-3060; Fax (505)226-8500

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed via the New Mexico E-Filing System this February 14, 2022 causing all parties of record to be served via electronic means.

*/s/ A. Blair Dunn*____________
A. Blair Dunn, Esq.