**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LYLE LOGEMANN,**

**Plaintiff,**

**vs.** **No. 20-CV-845/JB/GJF**

**NATIONAL FFA ASSOCIATION,**

**Defendant.**

**FUTURE FARMERS OF AMERICA d/b/a THE NATIONAL FFA**
**ORGANIZATION'S REPLY IN SUPPORT OF ITS OMNIBUS MOTION IN LIMINE**

Future Farmers of America, d/b/a the National FFA Organization, incorrectly identified as National FFA Association ("FFA"), by and through its counsel of record, Chapman Law, P.C., (Donna L. Chapman, Darci A. Carroll, and Sydney L. Jans), hereby submits it Reply in Support of Its Omnibus Motion *in Limine*, and states as follows.

**I. References, Arguments, Testimony, or Comments Referring to Plaintiff as a "Victim" Are Unfairly Prejudicial.**

Plaintiff has made no substantive argument against excluding the evidence requested by Defendant. Therefore, Defendant's request for the exclusion of any reference, argument, testimony, or evidence by Plaintiff and Plaintiff's attorneys that describes Plaintiff as a "victim" or other words to that effect should be granted.

**II. Argument Asking the Jury to "Send a Message" or Act as "the Conscience of the Community" Urges the Jury to Improperly Decide the Case Based on Passion and Prejudice.**

Plaintiff has made no substantive argument against excluding the evidence requested by Defendant. Therefore, Defendant's request that references in opening statement, closing argument, or at any other point of the trial, that jury members should

"send a message," act as "conscience of the community," that this case is about protecting members of the public should be excluded during the course of the trial should be granted.

### III. Golden Rule Arguments are Improper.

Plaintiff has made no substantive argument against excluding the evidence requested by Defendant. Therefore, Defendant's request that Plaintiff be precluded from asking the jury to stand in the shoes of the Plaintiff be granted.

### IV. Plaintiff Should be Precluded from Making Reference to Witnesses Not Called by Defendant.

Plaintiff has made no substantive argument against excluding the evidence requested by Defendant. Therefore, Defendant's request to preclude Plaintiff from offering evidence or making any argument or comment about the witnesses defense counsel decides it will not call should be granted.

### V. Settlement Offers or Lack Thereof, Offers of Judgment, and Other Correspondence Between the Parties and their Counsel.

Plaintiff has made no substantive argument against excluding the evidence requested by Defendant. Therefore, Defendant's request that evidence of settlement offers or the lack thereof, offers of judgment, and other correspondence between the parties and their counsel be excluded should be granted.

### VI. The Presence of Liability Insurance Should be Excluded.

Plaintiff has incorrectly interpreted Defendant's request regarding the presence of liability insurance to mean a "wholesale exclusion of testimony related to or referencing insurance." Further, Plaintiff has failed to identify, or substantively argue, any potential use of the presence of liability insurance that is allowable under F.R.E. 411. This is unsurprising as no permitted use exists. In this matter, there is no question as to ownership, control, or agency and there is no practical use for such evidence to prove

any bias or prejudice on behalf of any witnesses. Plaintiff has cited a number of cases which he contends support his position. However, Plaintiff has failed to account for the distinctions between those cases and the matter at hand. Specifically, *Lopez* involves the potential bias of an expert witness who held positions at an insurance company, wherein he may have created a relationship with the defendant's insurance company. *Lopez v. Sw. Comty. Health Services*, 1992-NMCA-040, 114 N.M. 2, 833 P.2d 1183. Similarly, in *Sutherlin*, the court held that a physician could be questioned to determine whether the insurance company which hired defense counsel had also provided the physician with coverage. *Sutherlin v. Fenenga*, 1991-NMCA-011, 111 N.M. 767, 810 P.2d 353. Even *Mac Tyres, Inc.* is distinguishable in that it was necessary to reveal the existence of an employer's worker's compensation carrier to impeach a witness and prove he committed fraud regarding the worker's compensation claim. *Mac Tyers, Inc. v. Vigil*, 1979-NMSC-010, 92 N.M. 446, 589 P.2d 1037.

Here, there are no witnesses or circumstances like the ones in the cases cited by Plaintiff. No witness has the potential to be biased based on the insurance provider and there have been no claims of fraud or other misrepresentations that would require impeachment based on statements made to Defendant's insurance company. Even if such circumstances existed, Plaintiff has failed to identify what those could possibly be.

Therefore, Defendant requests that any reference to its liability insurance that may provide coverage for damages alleged in this matter be excluded as no permissive use for such information exists in this matter. The only potential use this evidence has is to prove the "depth of Defendant's pockets" which is strictly forbidden. *See Safeco Ins. Co. v. United States Fid. & Guar. Co.,* 1984-NMSC-045, 101 N.M. 148, 679 P.2d 816 (The

jury should be foreclosed from "consideration of insurance as indicator of liability or the amount (if any) of liability.").

WHEREFORE, Future Farmers of America, d/b/a the National FFA Organization respectfully requests that this Court enter an Order granting the relief requested in this Motion, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**CHAPMAN LAW P.C.**

*/s/ Sydney L. Jans*
Donna L. Chapman
Darci A. Carroll
Sydney L. Jans
4100 Osuna NE, Suite 2-202
Albuquerque, New Mexico 87109
(505) 242-6000
donna@chapmanlawnm.com
darcicarroll@chapmanlawnm.com
sydneyjans@chapmanlawn.com
*Attorneys for Future Farmers of America*

I HEREBY CERTIFY that on this 28th day of February 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
Western Agriculture, Resource
and Business Law Advocates, LLP
400 Gold St. SW. Suite 1000
Albuquerque, NM 87102
505-750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com
*Attorneys for Plaintiff*

*/s/ Sydney L. Jans*
Sydney L. Jans